# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID PERLMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>STONEMOR PARTNERS LP, STONEMOR GP LLC, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 14-cv-01168 NC<br><br>**ORDER TO SHOW CAUSE WHY REMOVAL IS PROPER**<br><br>Re: Dkt. No. 1 |

On March 12, 2014, defendants removed this action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. No. 1 ¶ 8. However, the removal notice does not contain sufficient allegations to establish the citizenship of all relevant parties for diversity purposes. The federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The notice of removal here does not adequately allege the citizenship of defendants StoneMor Partners L.P. and StoneMor GP LLC. The notice states that "StoneMor GP LLC was and is a limited liability company established under the laws of the State of Delaware,

with its principal place of business in Levittown, Pennsylvania," and that "StoneMor GP LLC is a general partner of defendant StoneMor Partners L.P. . . . [and] was and is a master limited partnership established under the laws of the State of Delaware, with its principal place of business in Levittown, Pennsylvania." Dkt. Nos. 1 ¶ 10; 2 ¶ 9. The removal notice further asserts that "pursuant to 28 U.S.C. § 1332(c), Defendants are not citizens of the State of California, but rather, are citizens of both Delaware and Pennsylvania." Dkt. No. 1 ¶ 10.

On April 10, 2014, plaintiff filed a motion seeking an order remanding the case to state court on the grounds that the removal is untimely, defendants waived the right to remove, and that diversity was destroyed because of the presence of an individual defendant who was a California citizen, Nisha Hafizahmad, and who was later dismissed. Dkt. No. 8. In their response to the motion for remand, defendants repeat their assertion that diversity of citizenship exists because both defendants were "established under the laws of Delaware and maintain their principal place of business in Pennsylvania." Dkt. No. 11 at 8 n.1, 12-13.

Section 1332(c), referenced by defendants in support of their removal notice, addresses the citizenship of corporations and provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). However, according to the removal notice, defendants here are not corporations but a limited liability company and a limited partnership. "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, defendants must inform the Court of the citizenship of all of their members. Moreover, if any member of defendants is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

Case No. 14-cv-01168 NC
ORDER TO SHOW CAUSE                    2

By May 28, 2014, defendants must show cause in writing why their removal is proper by addressing the Court's concerns identified above. If defendants do not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

The initial case management conference is reset to June 11, 2014 at **1:00 p.m.** in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The hearing on the motion for remand, currently set for May 21, 2014, is continued to the same date and time as the initial case management conference.

IT IS SO ORDERED.

Date: May 16, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 14-cv-01168 NC
ORDER TO SHOW CAUSE                    3